IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL L. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-791-GMS |
| | ) |
| WARDEN THOMAS CARROLL, | ) |
| DEPUTY WARDEN DAVID PIERCE, | ) |
| DAVID HOLMAN, KAREN HAWKINS, | ) |
| RAYNARD JONES, AUDREY EVANS, | ) |
| KESHAW TRAVIES, LARRY SAVAGE, | ) |
| and FLOYD S. DIXON, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Michael L. Jones ("M. Jones"), an inmate at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2.) He has also filed a motion for preliminary injunction and a motion to appoint counsel. (D.I. 4, 5.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

M. Jones alleges violations of the First, Eighth, and Fourteenth Amendments to the United States Constitution. More specifically, he alleges that he suffered months of unnecessary punishment at the hands of the defendant C/O Raynard Jones ("R. Jones") and filed a grievance regarding R. Jones' actions on May 29, 2007. On the same date M. Jones wrote and complained to the defendants Deputy Warden David Pierce ("Pierce"), Major David Holman ("Holman") and to non-defendants Commissioner Carl Danberg ("Commissioner Danberg") and Governor Ruth

Ann Minner ("Governor Minner"). Governor Minner asked Commissioner Danberg to review M. Jones' complaint and in turn Bureau Chief Rick Kearney responded on behalf of Commissioner Danberg and advised that the complaint had been forwarded to the defendant former Warden Thomas Carroll ("Warden Carroll") for resolution. M. Jones received a response from Holman on June 13, 2007, and was informed that the complaint would be assigned to the defendant Lt. Karen Hawkins ("Hawkins") for investigation.

M. Jones alleges that as of June 28, 2007, nothing had changed and R. Jones continued to inflict unnecessary punishment, described as "mental, physical, emotion and verbal . . . and threats to take [his] tierman job." M. Jones alleges that R. Jones also began to hamper with his food trays. As a result, M. Jones make another written complaint to Holman.

M. Jones alleges that during the first week of July R. Jones' behavior improved somewhat, but he was still "trash talking." M. Jones advised the defendant C/O Keshaw Travies ("Travies") of R. Jones' conduct, and alleges that she "neglected to do anything" regarding R. Jones' retaliation and threats to have M. Jones fired from his job.

M. Jones alleges that on July 16, 2007, there was a shake-down of a cell by R. Jones and the defendant C/O Audrey Evans ("Evans") and two soups and a milk were thrown out of the cell. It is not clear from the pleadings, but it seems the cell was not that of M. Jones. The inmate asked R. Jones why he was "taking his stuff" and R. Jones stated that "it was evidence." M. Jones alleges that R. Jones and Evans left the tier and R. Jones, "with a sinister smile" told M. Jones to "lock in" for "passing." M. Jones immediately complained to Travies that he had not passed anything. Two hours later M. Jones received a disciplinary report for abuse of privileges, failing to obey an order, and possession non-dangerous contraband (i.e., 2 packages of Ramen

noodles and one milk). M. Jones explained to Lt. James P. Satterfield ("Satterfield") and that evening wrote another complaint letter to Pierce. M. Jones did not receive a response. M. Jones wrote to Hawkins on July 29, 2007, and to Warden Carroll and Deputy Warden Betty Burris ("Burris") on August 4, 2007, but received no response.

A disciplinary hearing was held before the defendant Lt. Larry Savage ("Savage") on July 30, 2007. R. Jones and Evans testified at the hearing and M. Jones was found guilty. M. Jones appealed to Savage and alleges that Savage failed to look at his evidence. On August 18, 2007, M. Jones was advised by the defendant Bureau of Prisons Chief Floyd S. Dixon ("Dixon") that the appeal was denied. M. Jones alleges that as a result of the foregoing he was humiliated, slandered, and he lost his tierman job for one year. He seeks injunctive relief and compensatory and punitive damages.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007)

(citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n. 3.) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because the plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. DISCUSSION

#### A. Respondeat Superior

M. Jones names several defendants based upon their supervisory positions; specifically Warden Carroll, Pierce, Holman, and Hawkins. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

There, is nothing in the complaint to indicate that Warden Carroll, Pierce, Holman, or Hawkins were driving forces behind the conduct described by M. Jones. Moreover, the complaint does not indicate that these defendants remained "deliberately indifferent" to his plight. *Sample v. Diecks*, 885 F.2d at 1118. Indeed, M. Jones alleges that once he made written complaints the foregoing defendants responded and advised that there would be an investigation. Therefore, the court will dismiss the claims against the foregoing defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

#### B. Grievances

M. Jones alleges that Hawkins was assigned to investigate his grievance and that she did not respond to one of his letters. He also alleges that, prior to the time he received a disciplinary

report, he made complaints to Warden Carroll, Pierce, Holman, and Travies regarding R. Jones conduct, to no avail.

The law is well-settled that there is no constitutional right to a grievance procedure. *See Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-138 (1977). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. *Booth v. King*, 346 F. Supp. 2d 751,761 (E.D. Pa. 2004). Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. *Hoover v. Watson*, 886 F. Supp. 410, 418-419 (D. Del.), *aff'd* 74 F.3d 1226 (3d Cir. 1995).

M. Jones fails to state a claim to the extent that he asserts a claim based solely upon Hawkins' failure to investigate his complaints which were unrelated to the disciplinary proceeding and sanction. "'[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim.'" *Graw v. Fantasky*, 68 Fed. Appx. 378 (3d Cir. 2003) (citations omitted); *see Burnside v. Moser*, 138 Fed. Appx. 414, 416 (3d Cir. 2005) (prisoners do not have constitutionally protected right to prison grievance process); *Lewis v. Williams*, 2006 WL 538546, at *7 (D. Del. 2006) (failure to investigate grievance does not raise constitutional issue) (collecting cases). He also fails to state a claim against Warden Carroll, Pierce, Holman, and Travies for any alleged failure to address his grievances. Therefore, the court will dismiss with prejudice the foregoing claims.

### C. Procedural Due Process

M. Jones claims that he was not afforded his basic due process rights with respect to the disciplinary charges lodged against him. He does not allege that he was denied a disciplinary

hearing. Rather, he alleges that Savage did not allow him the right to confront R. Jones during the disciplinary proceedings. Also, he alleges that Savage did not properly consider his appeal and that Dixon denied his appeal.

While prisoners retain certain basic constitutional rights, including procedural due process protections, prison disciplinary hearings are not part of criminal prosecution, and an inmate's rights at such hearings may be curtailed by the demands and realities of the prison environment. *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974); *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991). The requirements of due process in prison disciplinary hearings are that an inmate is entitled to (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 563-71. However, inmates do not have an absolute federal constitutionally-protected right to confront and cross-examine witnesses at their prison disciplinary hearings. *Id.* at 567-68. *See also Baxter v. Palmigiano*, 425 U.S. 308, 321-22 (1976); *Young v. Kann*, 926 F.2d 1396, 1404 (3d Cir. 1991). Additionally, a right to appeal disciplinary convictions is not within the narrow set of due process rights delineated in *Wolff*. *Garfield v. Davis*, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983); *Greer v. DeRobertis,* 568 F. Supp. 1370 (N.D. Ill. 1983).

The complaint indicates that M. Jones was allowed to question witnesses, that Savage indicated he would rely upon the testimony of R. Jones, and that testimony was elicited from Evans. M. Jones procedural due process allegations are not cognizable as § 1983 claims under

the holding of *Wolff.* Accordingly, the court will dismiss the claims against Savage and Dixon dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

### IV.    APPOINTMENT OF COUNSEL

M. Jones seeks appointed counsel on the basis that he is unable to afford counsel, his imprisonment limits his ability to litigate, counsel will better enable him to present evidence and cross-examine witnesses, and he has made repeated, unsuccessful efforts to obtain counsel. (D.I. 5.) A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

In reviewing M. Jones' filings, it appears that he possesses the ability to adequately pursue his claim. Moreover, this case is in its very early stages and the remaining defendants have yet to be served. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time. Accordingly, the court will deny the motion without prejudice.

## V. CONCLUSION

Based upon the foregoing analysis, the court will dismiss the claims against the defendants Warden Thomas Carroll, Deputy Warden David Pierce, David Holman, Karen Hawkins, Keshaw Travies, Larry Savage, and Floyd S. Dixon for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). M. Jones will be allowed to proceed against the defendants Raynard Jones and Audrey Evans. The motion for appointment of counsel will be denied. An appropriate order will be entered.

_April 15_, 2008
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE

FILED
APR 16 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL L. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-791-GMS |
| | ) |
| WARDEN THOMAS CARROLL, | ) |
| DEPUTY WARDEN DAVID PIERCE, | ) |
| DAVID HOLMAN, KAREN HAWKINS, | ) |
| RAYNARD JONES, AUDREY EVANS, | ) |
| KESHAW TRAVIES, LARRY SAVAGE, | ) |
| and FLOYD S. DIXON, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 16th day of April, 2008, for the reasons set forth in the Memorandum issued this date,

1. The motion for appointment of counsel is **denied**. (D.I. 5.)

2. The claims against the defendants Warden Thomas Carroll, Deputy Warden David Pierce, David Holman, Karen Hawkins, Keshaw Travies, Larry Savage, and Floyd S. Dixon are **dismissed** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). They are dismissed from this action.

3. The court has identified what appear to be cognizable a retaliation claim and an Eighth Amendment claim within the meaning of 28 U.S.C. § 1915A(b) against the defendants Raynard Jones and Audrey Evans. Jones is allowed to **proceed** against these defendants.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), the plaintiff shall complete and return to

-2-

the clerk of the court an **original** "U.S. Marshal-285" form for **remaining defendants Raynard Jones** and **Audrey Evans,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C). The plaintiff has provided the court with copies of the complaint (D.I. 2) for service upon each of the remaining defendants. **The plaintiff shall also provide copies of the motion for preliminary injunction (D.I. 4) for service upon the remaining defendants. The plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint and the motion for preliminary injunction (D.I. 2, 4), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4. The defendants **shall respond** to the plaintiff's motion for preliminary injunction (D.I. 4) within **thirty days** from the date of service.

5. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

6. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

7. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

8. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). ***

9. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_____
CHIEF, UNITED STATES DISTRICT JUDGE



FILED

APR 1 6 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE