IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL L. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-791-GMS |
| | ) | Jury Trial Demanded |
| RAYNARD JONES and AUDREY EVANS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendant Raynard Jones ("Defendant"), by and through undersigned counsel, hereby opposes Plaintiff's Motion for Preliminary Injunction, D.I.4. In support of his position, Defendant states the following:

1. On December 6, 2007, Plaintiff Michael L. Jones ("Plaintiff"), an inmate incarcerated at the James T. Vaughn Correctional Institution in Smyrna, Delaware ("JTVCC") filed a handwritten document in U.S. District Court for injunctive relief. D.I.4.

2. Plaintiff alleges that the Defendant tampered with his breakfast on several occasions in the Security Housing Unit ("SHU") by supposedly "putting stuff in plaintiffs food trays." *Id.* He claims that District Court intervention is necessary because "nothing has been done to stop this abuse by [Defendant]." *Id.*

3. The purpose of injunctive relief is to address a presently existing threat. Fed.R.Civ.P.65(b). See also *Continental Group, Inc. v. Amoco Chem. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). Any request for injunctive relief must demonstrate that the threatened harm is immediate.

4.      As a preliminary matter, Plaintiff is no longer housed in the SHU. Thus, he no longer interacts with the Defendant, or any of the SHU correctional staff he claims were complicit in the alleged food tampering. *See* Exhibit 1, Affidavit of Staff Lt. Karen Hawkins. This fact renders Plaintiff's request for preliminary injunction as moot.

5.      Moreover, the alleged threat described in D.I.4 was never immediate, as required by Fed. R. Civ. P. 65(a). Plaintiff writes that the food tampering began in March 2007, yet he waited 6 months to file his first grievance about the food (on August 27, 2007) and 9 months to file the motion for injunctive relief. D.I.4. An inmate faced with an immediate threat surely would have filed a grievance within 7 days of the first incident, as required by the DOC grievance policy.

6.      With regard to the merits of Plaintiff's claim, Staff Lt. Karen Hawkins investigated Plaintiff's complaints after he submitted his grievances. *Id*. These claims were not found to be credible. *See* Exhibit 1. Rather, the complaints were written in reaction to Defendant's disciplinary write-up of Plaintiff on July 16, 2007. *See* Exhibit 2 – Incident Report #1043913. Plaintiff was found guilty of all charges on July 30, 2007. *See* Exhibit 3 – Disciplinary Hearing Decision. One week later, he told two correctional officers that Defendant "will pay for f*ing with me….I lost my job because of him." *See* Exhibit 4 – Incident Report #1044665. On August 13, 2007, Plaintiff's appeal of the disciplinary appeal was reviewed then denied. Afterwards, the complaints against Defendant ensued.

7.      All of the individuals named on page 1 of Plaintiff's motion for preliminary injunction (i.e., Thomas Carroll, David Pierce, David Holman, Karen Hawkins, Raynard Jones, Audrey Evans, Keshaw Travies, Larry Savage and Floyd Dixon) have a connection to Incident Report #1043913 and its subsequent hearing and appeal. This conforms to Plaintiff's promise

that DOC staff "will pay" for taking action against him. *See* Exhibit 4.

      WHEREFORE, based upon the reasons set forth above, Defendant respectfully requests that the Court deny Plaintiff's application for injunctive relief.

                                      STATE OF DELAWARE
                                      DEPARTMENT OF JUSTICE

                                      /s/ *Catherine Damavandi*
                                      Catherine Damavandi (ID # 3823)
                                      Deputy Attorney General
                                      Delaware Department of Justice
                                      Carvel State Office Building
                                      820 N. French Street, 6th Floor
                                      Wilmington, DE 19801
                                      Catherine.Damavandi@state.de.us
                                      (302) 577-8400
Date: August 28, 2008                    Attorney for Defendant Raynard Jones

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL L. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 07-791-GMS |
| | )   Jury Trial Demanded |
| RAYNARD JONES and AUDREY EVANS, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 28, 2008, she caused the attached *Defendant's Opposition to Plaintiff's Motion for Preliminary injunction* to be delivered to the following person by first class mail, postage prepaid:

> Michael L. Jones
> SBI#417267
> JTVCC
> 1181 Paddock Road
> Smyrna, DE 19977

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ *Catherine Damavandi*
Catherine Damavandi (ID # 3823)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
Catherine.Damavandi@state.de.us
(302) 577-8400
Attorney for Defendant Raynard Jones

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL L. JONES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RAYNARD JONES and AUDREY EVANS,)<br>)<br>Defendants. ) | C.A. No. 07-791-GMS<br>Jury Trial Demanded |

**AFFIDAVIT OF STAFF LT. KAREN HAWKINS**

I, Karen Hawkins, having been duly sworn by law, do hereby depose and state as follows:

1. I am employed by the State of Delaware Department of Correction ("DOC") as a Staff Lieutenant. My responsibilities include supervision of correctional staff at the Security Housing Unit ("SHU") at the James T. Vaughn Correctional Center ("JTVCC").

2. From September 2005 to January 2008, Inmate Michael Jones (SBI#00417267) was housed in Building 17 of the SHU. As of the date of this affidavit, Inmate Jones is housed in Building 23 of this institution.

3. In 2007, Inmate Jones submitted grievances alleging that Correctional Officer Raynard Jones ("C/O Jones") had tampered with his food. The matter was investigated, and no merit was found to these claims.

4. All inmate meals are prepared by inmate workers in the JTVCC kitchen. Meals for SHU inmates are brought down in individual, covered trays placed in food carts. When the food carts are brought to the tier, correctional officers distribute the covered trays to each cell.

5. Inmate Jones' complaints describe food tampering that is not possible given the circumstances of food distribution described above. He also described observations of C/O

Jones that are not possible from the vantage point of his cell. In sum, Inmate Jones' allegations were found to be lacking in credibility.

6. Inmate Jones' complaints coincided with a disciplinary write-up against him by C/O Jones. As a result of C/O Jones' disciplinary write up against Inmate Jones, Inmate Jones was found guilty of passing contraband in the SHU to another inmate, and lying to C/O Jones about the incident. Subsequently, Inmate Jones lost his job as in the SHU tierman.

7. Inmate Jones has a history of submitting grievances against correctional staff after they cite him for inappropriate behavior within the institution, and this situation proved to be no exception. After C/O Jones submitted his report on this incident, Inmate Jones began writing grievances about his breakfast trays, claiming that it had been going on for "months." However, Inmate Jones had never submitted a grievance about C/O Jones prior to that time. Inmate Jones also wanted C/O Jones transferred to another building, which is an inappropriate request.

8. Now that Inmate Jones has improved his behavior, he is no longer housed in the SHU. As noted above, he currently resides in Building 23 of the JTVCC. Therefore, C/O Jones and Inmate Jones no longer interact.

9. I have made these statements based upon my personal knowledge, specialized training, and experience as an employee of the Department of Correction.

_____
Karen Hawkins

**SWORN AND SUBSCRIBED** before me this _____ day of August, 2008.

_____
Notary

| Incident# 1043913 | JTVCC James T. Vaughn Correctional Center<br>Smyrna Landing Road<br>SMYRNA DE, 19977<br>Phone#: 302-653-9261 | Date: 08/28/2008 |

Case 1:07-cv-00791-GMS   Document 19-3   Filed 08/28/2008   Page 1 of 1

# INCIDENT REPORT

**Group#:** N/A  **Type:** Inmate Involved  **Incident Date:** 07/16/2007  **Time:** 13:41  **Confidential:** No

**Facility:** JTVCC James T. Vaughn Correctional Center  **Followup Required:** No

**Associated Disciplinary Report #(s)** 1033294

**Incident Location:** Bldg.17 D Tier

**Location Description:** Delta Wing at Cell Lower 8

**Violated Conditions:** 2.01/200.105 Abuse of Privileges
2.06/200.108 Failing to Obey an Order
2.10/200.213 Lying
2.13/200.111 Possession of Non-Dangerous Contraband

**Description of Incident:**

On July 16th, 2007 at 134hrs., I Sgt. Raynard L. Jones and Cpl. Audrey Evans went on Delta Wing in Bldg.-17 for Phone Punch and area check. When I was leaving D-Wing I noticed that the tier-man Michael Jones SBI- 00417267 was trying to conceal 2packs of Ramen noodles and a milk in the window of yard 1 where he was secured. I asked him and quote," you are not getting ready to pass that are you"? Inmate Michael Jones replied, "No". After Cpl. Evans and myself exited D-Wing I went to the C&D flap and told the Pod officer Sgt. Keshaw Travies, " that Inmate Jones had 2 packs Ramen Noodles and a milk that I think he is going to pass after he gets out of the yard". I act like I was going on C-Wing and came back to D-Wings big window and saw Inmate Jones put the contraband under the door of Delta lower 8 where inmate Darrel Page # 00410556 lives. I immediately requested from Sgt. Branch a door bar and a set of handcuffs. I then entered D-Wing and went to cell Lower 8 for a shakedown, there I had to wake Inmate Page to tell him that we were there for a shakedown. Inmate Page got up and came to the door and when the door was opened the 2-packs of Ramen Noodles and 1 milk was laying on the floor by the small square opening at the bottom of the door. I asked Inmate Page, " was the 2-packs Ramen Noodles and 1-milk his?, and he said, " no". At that time I told inmate Page, " that I am taking the 2-packs of Ramen Noodles and 1 milk " and Inmate Page had no objection. I then ordered Inmate Jones to lock-in after we exit the tier and he will be written-up for passing contraband into Cell Lower 8. End-of-Report.

| **Injured Persons** | **Hospitalized** | **Nature Of Injuries** |
|---|---|---|
| N/A | N/A | N/A |

**Evidence Type:** N/A  **Date Collected:** N/A
**Discovered By:** N/A  **Secured By:** N/A

**Type of Force Used** [ ] PHYSICAL  [ ] CHEMICAL  [ ] STUN  [ ] OTHER  [ ] CAPSTUN  **[X]** NONE
**Restraints Used:** N/A

**Immediate Action Taken:**
Notified Lt. James Satterfield of this write-up and wrote the necessary paperwork.

### Individuals Involved

| Person Code | Name | SBI# | Title |
|---|---|---|---|
| Staff | Raynard, Jones L | N/A | CO Corporal/Sgt. - Large Inst. |
| Inmate | Michael, Jones L | 00417267 | N/A |
| Staff | Audrey, Evans L | N/A | CO Corporal/Sgt. - Large Inst. |
| Staff | Keshaw, Travies D | N/A | Correctional Officer |

**Reporting Officer:** Jones, Raynard L (Co Corporal/Sgt. - Large Inst.)  **Entered By:** Jones, Raynard L (Co Corporal/Sgt. - Large Inst.)

### Approval Information

**X** Approved  [ ] Disapproved  **Date:** 07/16/2007  **Approved by:** Satterfield, James P (Staff Lt./Lt)
**Comments:** mab

# DISCIPLINARY HEARING DECISION

**Inmate:** Jones, Michael L    **SBI#:** 00417267   **Type:** Class 1

**Institution:** JTVCC James T. Vaughn Correctional Center    **Hearing Date:** 07/30/2007   **Time:** 13:30

**Inmate Present:** Yes    **Reason(If No):** N/A

**Violation:** , 2.01/200.105 Abuse of Privileges, 2.06/200.108 Failing to Obey an Order, 2.10/200.213 Lying, 2.13/200.111 Possession of Non-Dangerous Contraband

**Inmate PLEA: Not Guilty**

**Inmate Statement:** It's retaliation for me writing him up.

**Witness Name:** Evans, Audrey  CPL.

**Testimony :** N/A

**Decision :** **Guilty**

**Rational :** During confrontation inmate have any questions for Sgt Jones. Per report and Cpl Evans statement inmate passed contraband. Found guilty of all charges.

**Sanctions:** N/A

**HEARING OFFICER'S SIGNATURE**

Savage, Larry

I understand that I may appeal the decision of a Class II Hearing to the Class I Hearing Officer. I may appeal the decision of a Class I Hearing to the facility administrator. I also understand that I have 72 hours to submit my notice of appeal in writing to the Class I Hearing Officer if I am appealing a Class II Hearing decision or the Warden if I am appealing a Class I Hearing decision.

  I  [X]   DO    [ ]   DO NOT INTEND TO APPEAL

**INMATE's SIGNATURE**

## ORDER TO IMPLEMENT SANCTIONS

[X] Inmate does not wish to appeal           [ ] Appeal has been denied by Commissioner or Designate

[ ] Sanctions have been modified             [ ] Time Limit(72 Hours since hearing) for appeal has expired

**It is here by ordered to implement the sanctions:**

| Sanctions | Start Date | Days | End Date |
|---|---|---|---|
| 1. Confinement to Quarter | 09/10/2007 | 10 | 09/19/2007 |

# INCIDENT REPORT

**Group#:** N/A  **Type:** Inmate Involved  **Incident Date:** 08/09/2007  **Time:** 20:12  **Confidential:** No

**Facility:** JTVCC James T. Vaughn Correctional Center  **Followup Required:** No
**Incident Location:** Bldg.17 Yard
**Location Description:** Building 17, yard 5

**Violated Conditions:** 1.06/200.203 Disorderly or Threatening Behavior
Disrespect to staff. Making any personal threats to staff.

**Description of Incident:**
On the above date and time while conducting our tier check, I C/O Silva, Romeo and C/O Dittman, John were informed by I/M Jones, Michael SBI00417267 that "he was going to get sgt. Jones, whenever he gets a chance, he wiill pay for fucking with me". I C/O Silva asked I/M Jones what was the matter, and he stated " I lost my job because of him". Building sgt. and Area Lt. were advised of this situation. Sgt. Jones, Raynard was also informed of this matter. E.O.R.

| Injured Persons | Hospitalized | Nature Of Injuries |
|---|---|---|
| N/A | N/A | N/A |

**Evidence Type:** N/A  **Date Collected:** N/A
**Discovered By:** N/A  **Secured By:** N/A

**Type of Force Used** [ ] PHYSICAL  [ ] CHEMICAL  [ ] STUN  [ ] OTHER  [ ] CAPSTUN  [X] NONE
**Restraints Used:** N/A

**Immediate Action Taken:**
404 written.

### Individuals Involved

| Person Code | Name | SBI# | Title |
|---|---|---|---|
| Staff | Romeo, Silva J | N/A | Correctional Officer |
| Staff | John, Dittman E | N/A | Correctional Officer |
| Inmate | Michael, Jones L | 00417267 | N/A |

**Reporting Officer:** Silva, Romeo J (Correctional Officer)  **Entered By:** Silva, Romeo J (Correctional Officer)

### Approval Information

[X] Approved  [ ] Disapproved  **Date:** 08/27/2007  **Approved by:** Forbes, Peter (Staff Lt./Lt)
**Comments:** N/A

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL L. JONES, </br></br> Plaintiff, </br></br> v. </br></br> RAYNARD JONES and AUDREY EVANS, </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) C.A. No. 07-791-GMS </br> ) Jury Trial Demanded </br> ) </br> ) </br> ) |

## **ORDER**

Upon the Plaintiff's *Motion For Injunctive Relief* (D.I.4), and Defendant Raynard Jones's *Response In Opposition To Plaintiff's Motion For Injunctive Relief* (D.I.19); and it appearing that good and sufficient notice of Plaintiff's *Motion* and Defendant's *Response* has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Injunctive Relief is **DENIED**.

SO ORDERED this _____ day of _____, 2008.

_____
The Honorable Gregory M. Sleet
United States District Court Judge