IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL L. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-791-GMS |
| | ) | Jury Trial Demanded |
| RAYNARD JONES and AUDREY EVANS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR APPOINTMENT OF COUNSEL**

Defendants Raynard Jones and Audrey Evans ("Defendants"), by and through undersigned counsel, hereby oppose Plaintiff's Motion for Appointment of Counsel. In support of their position, Defendants represent as follows:

1.　Michael L. Jones ("Plaintiff") is an inmate under the supervision of the Delaware Department of Correction ("DOC") at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware.

2.　On December 6, 2007, Plaintiff filed a Complaint pursuant to 42 U.S.C. §1983, with leave to proceed *in forma pauperis* alleging First, Eighth and Fourteenth Due Process violations against numerous DOC employees. [D.I. 2]. On this same date, Plaintiff also filed a Motion for Preliminary Injunction as well as a Motion to Appoint Counsel. [D.I. 4, 5]. On or about April 16, 2008, by Order of the Court, all of the Defendants were dismissed except Defendants Raynard Jones and Audrey Evans. [D.I. 8]. Plaintiff's Motion for Appointment of Counsel was also denied. *Id.*

3.　On August 5, 2008, Defendants filed an Answer. [D.I. 14]. On August 18,

2008, by Order of the Court, Defendants were given 10 days in which to file a response to Plaintiff's Motion for Preliminary Injunction. Defendants filed a Motion in Opposition to Plaintiff's Motion for Preliminary Injunction on August 28, 2008. [D.I. 19].

4. On or about August 18, 2008, Plaintiff filed a second Motion for Appointment of Counsel. [D.I. 18].

5. In support of his motion for Appointment of Counsel, Plaintiff alleges that he is "unable to afford counsel, imprisonment greatly limits his ability to litigate, lacks physical access to the law library, issues are complex and counsel would be better to enable Plaintiff to present evidence and cross-examine witnesses." (Motion, *passim*).

6. *Pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. (See, *Smith Bey v. Petsock*, 741 F. 2d 22, 25 (3d Cir. 1984)). It is solely within the Court's discretion to appoint counsel for the plaintiff; however, such an appointment is "usually only granted upon a showing of special circumstances indicating a likelihood of substantial prejudice to him resulting... from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case." *Id.* at 26, *accord, Pierce v. Vaughn*, 1992 WL 210122 (E.D.Pa.); *Robinson v. Barone*, 1992 WL 236869 (E.D. Pa.). The factors appropriately considered in deciding whether an appointment of counsel is warranted include the arguable merit of the plaintiff's claim, the plaintiff's ability to present his case, the difficulty of the particular issues, the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation, the likelihood that witnesses' credibility will be key issue, and the need for expert testimony. *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993), *cert. denied*, 114 S. Ct. 1306 (1994).

7.     Plaintiff' legal abilities are evident as illustrated in the numerous legal pleadings he has filed thus far.  These filings not only demonstrate his legal knowledge, but also show that this case is not so unusually complex as to require the assistance of counsel.   Further, Plaintiff fails to establish that without the appointment of counsel that he demonstrates any other "special circumstances indicating the likelihood of substantial prejudice" cited by the Court in *Smith-Bey*.  *Smith-Bey* at 26.   Appointment of counsel therefore, is unnecessary.

8.     A review of Plaintiff's motion for appointment of counsel reveals the request is premature.  It is well established that before any request for appointment of counsel may be granted, a threshold evaluation of the merits of Plaintiff's claim must be conducted.  *Tabron* at 155 (concluding upon review of a Plaintiff's request for appointment of counsel, "[t]he District Court must consider as a threshold matter the merits of Plaintiff's claim.").

9.     Because Plaintiff is fully capable of litigating this lawsuit, counsel should not be appointed.

**WHEREFORE**, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion for Appointment of Counsel and enter an order in the form attached hereto.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Catherine Damavandi
Catherine Damavandi, ID#3823
Deputy Attorney General
Department of Justice
State of Delaware
820 N. French Street, 6th Fl.,
Wilmington, Delaware 19801
(302) 577-8400
Attorney for Defendants

Dated:  September 5, 2008

## *CERTIFICATE OF SERVICE*

I hereby certify that on September 5, 2008 I electronically filed *Defendants' Opposition to Plaintiff's Motion for Appointment of Counsel* with the Clerk of Court using CM/ECF. I further certify that on September 5, 2008, I caused the within document to be mailed to the following non-registered participant by United States Postal Service:

Michael L. Jones
SBI#417267
James T. Vaughn Correctional. Center
1181 Paddock Road
Smyrna, DE  19977

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Catherine Damavandi
Catherine Damavandi (ID # 3823)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
Catherine.Damavandi@state.de.us
(302) 577-8400
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL L. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-791-GMS |
| | ) | Jury Trial Demanded |
| RAYNARD JONES and AUDREY EVANS | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Upon the Plaintiff's Motion For Appointment of Counsel [D.I. 18], and Defendants' Response in Opposition to Plaintiff's Motion for Appointment of Counsel; and it appearing that good and sufficient notice of Plaintiff's Motion and Defendants' Response have been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel is **DENIED**.

SO ORDERED this _____ day of _____, 2008.

_____
The Honorable Gregory M. Sleet
United States District Court Judge