IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL L. JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 07-791-GMS ) |
| C/O RAYNARD JONES and C/O AUDREY EVANS, | ) ) ) |
| Defendants. | ) ) |

**ORDER**

At Wilmington this 15th day of Sept, 2008, having considered the pending motions of the plaintiff;

IT IS ORDERED that:

1. **Background.** The plaintiff, Michael L. Jones ("Jones"), is a prisoner incarcerated at the James T. Vaughn Correctional Center ("JVCC"), formerly the Delaware Correctional Center ("DCC"), Smyrna, Delaware. He filed this lawsuit pursuant to 42 U.S.C. § 1983 on December 6, 2007.

2. **Motion for Preliminary Injunction.** Jones' motion for preliminary injunction is **denied** as **moot**. (D.I. 4.) When considering a motion for a temporary restraining order or preliminary injunction, the court determines: (1) the likelihood of success on the merits; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the balancing of the hardships to the respective parties; and (4) the public interest. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir.

1980)(quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). It is the plaintiff's burden, in seeking injunctive relief, to show a likelihood of success on the merits. *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 90 (3d Cir. 1992).

3. At the time Jones filed his motion he was housed in the Security Housing Unit ("SHU") at the JVCC. He asked the court to issue an order to stop the defendant C/O Raynard Jones from contaminating his food. Jones is no longer housed in SHU having been moved to Building 23 in January 2008. Given the fact that Jones is no longer housed in SHU, the court finds that he in not in danger of suffering irreparable harm. Indeed, his motion for injunctive relief is moot.

4. **Extension of Time**. Jones' motion for an extension of time to respond to defendants' motion for summary judgment is **denied**. (D.I. 16.) The defendants have not filed a motion for summary judgment.

5. **Appointment of Counsel**. Jones' motion for appointment of counsel is **denied without prejudice**. (D.I. 18.) A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to

[plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

6. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

7. In his motion for appointment of counsel, Jones provides a number of reasons why he should be appointed counsel, including, but not limited to, that he is unable to afford counsel, his imprisonment greatly limits his ability to litigate, the issues are complex, and counsel will help him litigate this case. This case is in its very early stages and discovery has just commenced. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time.

_____
CHIEF, UNITED STATES DISTRICT JUDGE



FILED
SEP 1 5 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE