IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| MICHAEL L. JONES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 07-791-GMS |
| | ) | |
| CORRECTIONAL OFFICER RAYNARD | ) | |
| JONES and AUDREY EVANS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

## I. INTRODUCTION

The plaintiff Michael L. Jones ("Jones"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, file this case on December 6, 2007. He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. On November 1, 2010, the court granted the defendants' motion and dismissed this action for the plaintiff's failure to prosecute. (D.I. 36.) Now before the court is Jones' combined motion for reconsideration and request for counsel. (D.I. 37.)

## II. BACKGROUND

Jones filed his complaint on December 6, 2007. On June 26, 2009, the court entered an order granting the defendants' motion to strike, denying Jones' motion to compel, and granting Jones' motion for leave to supplement the complaint. (D.I. 33.) Jones had filed the motion for leave to supplement the complaint on September 30, 2008. (D.I. 30.)

Because Jones had taken no action for approximately a year and a half following the filing of his motion on September 30, 2008, and continued to take no action following the court's June 26, 2009, the defendants filed a motion to dismiss for failure to prosecute. (D.I. 34.) The

defendants' motion was filed approximately nine months following the June 26, 2009 Order. Jones opposed the motion. (D.I. 34.) The court granted the motion to dismiss for failure to prosecute on November 1, 2010, finding that Jones had failed to show cause why the case should not be dismissed for failure to prosecute.

Jones moves for consideration on the grounds that the court denied him counsel, he litigated his claims and was merely waiting for the court to set a trial date, he opposed the motion to dismiss and did show cause why the case should not be dismissed, and he wants nothing more than to have his day in court.

## III. STANDARD OF LAW

The standard for obtaining relief under Rule 59(e) is difficult for Jones to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a

party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

## IV. DISCUSSION

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The following six factors determine whether dismissal is warranted. (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim of defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The court must balance the factors and need not find that all of them weigh against Jones to dismiss the action. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of *Poulis* factors are not satisfied. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998).

The court finds that the first through the fifth *Poulis* factors warrant dismissal of Jones' case. First, as a *pro se* litigant, Jones is solely responsible for prosecuting his claim. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Second, the defendants are prejudiced by Jones' failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the

3

defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). As to the third factor, there does not appear to be a history of dilatoriness, other than the fact that Jones has taken no action in this case. As to the fourth factor, the court is unable to discern if Jones' failure to prosecute is willful or in bad faith. However, only Jones can take steps to prosecute this case.

As to the fifth factor, there are no alternative sanctions the court could effectively impose. Precluding Jones from presenting evidence at trial would have the same effect as dismissal. For the same reason, granting summary judgment in favor of the defendants or forbidding Jones from pursuing further discovery would have the same effect as dismissal. Finally, a monetary sanction is ineffective inasmuch as Jones proceeds as a *pauper*. The court finds the sixth factor, the merits of the claim, is neutral. The other five *Poulis* factors, however, weigh in favor of dismissal.

The court has thoroughly reviewed the court file. Jones has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the court's November 1, 2010 order. Therefore, the court will deny the motion for reconsideration. Jones' request for counsel will be denied as moot.

## V. CONCLUSION

NOW THEREFORE, at Wilmington this 20th day of March, 2012, IT IS HEREBY ORDERED that the motion for reconsideration is **denied** and the request for counsel is **denied** as moot. (D.I. 37.)

CHIEF, UNITED STATES DISTRICT JUDGE